IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RANDELL BROWN,　　　　　　　　　　)
Register No. 179887,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　)　　　No. 04-4196-CV-C-SOW
　　　　　　　　　　　　　　　　　　　)
JOHN WESSING, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

## REPORT, RECOMMENDATION AND ORDER

　　　　Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

　　　　Before this court are defendants' motions to dismiss. Plaintiff has filed responses, and defendants have filed replies.

　　　　In support of his claims for relief, plaintiff alleges that he is being denied the benefits of the 180-day drug treatment program offered at the Kansas City Community Center (KCCC), based upon discrimination because of his disability. Plaintiff alleges that because of his disability, he is unable to participate in such program, thereby denying him conditional release, which has been made contingent upon his completion of such drug treatment program.

　　　　Missouri Department of Corrections (MDOC) defendants Wessing, Dills, and Kempker filed a motion to dismiss on February 7, 2005. Such motion argues that plaintiff lacks standing with regard to his claims because he has neither suffered an injury in fact, nor is one imminent, and he has not exhausted his administrative remedies as to his claims.

　　　　Plaintiff's response to the motion to dismiss argues that he was unable to exhaust his claims because such claims were the result of a parole decision, and such decisions are not subject to appeal. Furthermore, plaintiff argues that he is threatened with imminent harm in

that his medical condition will not allow him to participate in the drug treatment program at KCCC, and if he is required to participate, it will pose a serious threat to his current medical condition.

Plaintiff was granted leave to proceed on his claims because he alleged that his claims were not challenging his parole/conditional release denial, but rather were challenging his denial of the benefits, because of his disability, of the 180-day drug treatment program at KCCC. Accordingly, because plaintiff's claims do not challenge a parole/conditional release decision, there is no reason plaintiff could not have exhausted his administrative remedies with regard to his claims via the MDOC inmate grievance procedure. A challenge to denial of medical accommodations with regard to KCCC drug treatment program are issues which can be grieved via the MDOC grievance procedure.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Therefore, because plaintiff has failed to exhaust his administrative remedies as to his claims, his claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

Defendant Correctional Medical Services (CMS) also filed a motion to dismiss on January 6, 2005. Such motion also argues, among other arguments, that plaintiff has failed to exhaust his administrative remedies as to his claims against CMS regarding alleged denial of medical accommodation at KCCC's 180-day drug treatment program. Plaintiff's response to such motion to dismiss again argues that he was unable to exhaust his claims because his claims arise out of a probation/parole matter and, therefore, are not grievable per

MDOC grievance procedure. For the same reasons as set forth above relating to MDOC, the court finds that plaintiff has not exhausted his administrative remedies as to his claims against CMS, and therefore, such claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

On March 7, 2005, MDOC defendants filed a motion to strike plaintiff's March 7, 2005, filing of supplemental supporting precedent case law, stating that such filing is not expressly allowed, pursuant to Local Rule 7.1, and that plaintiff was not granted leave to file such supplement. The court has reviewed plaintiff's supplemental filing and will grant plaintiff, who is pro se, leave to file such supplement, and defendants' motion to strike will be denied. Nevertheless, the court finds that the supplement merely reiterates previous arguments already made by plaintiff and accordingly, does not alter this court's recommendation of dismissal.

On March 10, 2005, plaintiff filed a motion for appointment of counsel, pursuant to 28 U.S.C. § 1915. In light of the foregoing, plaintiff's motion will be denied, without prejudice.

Plaintiff is advised that if this case is dismissed as recommended, and if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

On January 18, 2005, plaintiff filed a motion for an extension of time in which to file exceptions to the report and recommendation of December 29, 2004. Plaintiff filed exceptions on January 27, 2005; thus, plaintiff's motion for an extension of time will be denied as moot.

IT IS, THEREFORE, ORDERED that plaintiff's motion for an extension of time is denied as moot [18]. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [33]. It is further

ORDERED that defendants' motion to strike is denied and plaintiff is granted leave to file his March 7, 2005, supplement [32]. It is further

RECOMMENDED that the motions to dismiss filed by defendants Correctional Medical Services and Missouri Department of Corrections defendants Wessing, Dills, and Kempker be granted, and plaintiff's claims be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e. [13, 24]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 11th day of March, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge