IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RANDELL BROWN, ) | |
| Register No. 179887, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-4196-CV-C-SOW |
| ) | |
| JOHN WESSING, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On March 11, 2005, the United States Magistrate Judge recommended granting the motions to dismiss of defendants Correctional Medical Services, Kelly Dills, Gary Kempker, and John Wessing and dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions and notice filed by plaintiff on March 31, 2005, as well as plaintiff's motion for a preliminary injunction filed on April 1, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff has failed to exhaust administrative remedies regarding his claims that he is being denied the benefits of the 180-day drug treatment program at Kansas City Community Center (KCCC) based upon his disability. Plaintiff has provided no information or evidence that he has filed an IRR or a grievance regarding KCCC's alleged failure to accommodate his disabilities. In fact, plaintiff has yet to be transferred to KCCC and his claims that the program will not accommodate his disability are merely speculative. Therefore, plaintiff's claims alleging a denial of the benefits of the 180-day drug treatment program at KCCC are dismissed, without prejudice, for failure to exhaust administrative remedies.

To the extent plaintiff's exceptions challenge the conditions imposed by the Board of Probation and Parole as to his conditional release (plaintiff states that the Board of Probation and Parole have made his conditional release contingent upon completion of the KCCC drug rehabilitative program), the court notes that plaintiff's claims against the parole board and its members were previously dismissed by this court on March 14, 2005; moreover, plaintiff has no liberty interest in his conditional release date or any qualifying conditions imposed. *See Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). *Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create a liberty interest in conditional release). Therefore, plaintiff's claims challenging the conditions imposed as to his conditional release date are dismissed for failure to state a claim on which relief may be granted.

On April 1, 2005, plaintiff filed a motion for preliminary injunctive relief. The claims for relief in such motion specifically relate to the claims being dismissed by this court. Therefore, plaintiff's motion for a preliminary injunction is denied.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiff's motion for preliminary injunctive relief is denied [39]. It is further

ORDERED that the motions of defendants Correctional Medical Services, Wessing, Dills, and Kempker, to dismiss are granted and plaintiff's claims challenging denial of accommodation for his disability at Kansas City Community Center are dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to the provisions of 42 U.S.C. § 1997e [13, 24, 34]. It is further

ORDERED that plaintiff's claims challenging the conditions imposed as to his conditional release date are dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 5-24-05